**Tommy SMITH, Jr., Plaintiff–Appellant,**

**v.**

**David H. SCHWARZ, Defendant–Appellee.**

**No. 02–1028.**

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 11, 2002.*

Decided Sept. 13, 2002.

Rehearing Denied Oct. 25, 2002.

Before COFFEY, Hon. EASTERBROOK, MANION, Circuit Judges.

### ORDER

Tommy Smith, Jr., filed this damages action pursuant to 42 U.S.C. § 1983 alleging that David H. Schwarz, the Administrator of the State of Wisconsin Division of Hearings and Appeals, violated his due process rights when Schwarz refused to overturn the decision to revoke Smith's parole. The district court granted the de-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

fendant's motion to dismiss on absolute immunity grounds. We affirm.

The following facts from Smith's *pro se* complaint are taken as true for our purposes. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Smith was paroled in December 1998 and prohibited from possessing a firearm as a condition of his parole. In February 1999 Smith was arrested and jailed on a parole hold after being questioned about a gun that was used in an attempted robbery. His parole agent instituted revocation proceedings, and after a May 1999 hearing, an ALJ revoked his parole and sentenced him to 21 months in prison. Smith appealed the revocation to Schwarz, and Schwarz sustained the decision, which was communicated to Smith via a letter signed by one of Schwarz's assistants. Smith then sued Schwarz in the Eastern District of Wisconsin, and Magistrate Judge Callahan granted Schwarz's motion to dismiss.

We review *de novo* the grant of a motion to dismiss on the basis of absolute immunity. *Richman v. Sheahan,* 270 F.3d 430, 434 (7th Cir.2001). We employ a "functional approach" in determining whether a governmental official is entitled to absolute immunity. *Wilson v. Kelkhoff,* 86 F.3d 1438, 1443 (7th Cir.1996); *Walrath v. United States,* 35 F.3d 277, 280–81 (7th Cir.1994). Judges enjoy absolute immunity for judicial actions taken in accordance with their jurisdictional authority. *Forrester v. White,* 484 U.S. 219, 225, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988). This immunity extends to officials, such as administrative law judges, when they perform functions that are "closely associated with the judicial process." *Cleavinger v. Saxner,* 474 U.S. 193, 200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985). We have held that "parole board members are absolutely immune from suit for their decisions to grant, deny, or revoke parole." *Wilson,* 86 F.3d at 1444. Similarly, we have also held that when officials engage in activities that are "inexorably connected with the execution of parole revocation procedures and are analogous to judicial action" they are also entitled to absolute immunity. *Walrath,* 35 F.3d at 281–82 (quoting *Trotter v. Klincar,* 748 F.2d 1177, 1182 (7th Cir.1984)).

Here, the conduct that allegedly deprived Smith of his rights was Schwarz's decision to affirm the ALJ's decision. Schwarz made a discretionary decision based upon the record presented to him from the parole revocation hearing, acting similarly to a judge ruling on an appeal based upon the underlying record. Because Schwarz was performing a quasi-judicial function when he decided the appeal, he is entitled to absolute immunity. *See Butz v. Economou,* 438 U.S. 478, 512, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); *Wilson,* 86 F.3d at 1443.

AFFIRMED.